# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2006 OCT -4  PM 3: 34

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KEVIN J. RASMUSSEN,  )<br>  )<br>Defendant.  ) | **AMENDED<br>ORDER SETTING CONDITIONS<br>OF RELEASE**<br><br>Case Number:  4:05CR280 |

**IT IS ORDERED** that the defendant's motion for release, filing 32, is granted, subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required.

The defendant shall next appear at (if blank, to be notified):

_____ on _____
**Place**                                                              **Date and Time**

(4) The defendant shall surrender as directed for service of any sentence imposed.

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

**IT IS FURTHER ORDERED** that the defendant be released provided that:

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required, failure to comply with any of the conditions of this order, or to surrender as directed for service of any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

( )  (6)  The defendant is placed in the custody of:

_____
(Name of person or organization)
_____
(Address)
_____
(City and State)                                                 (Telephone)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____     _____
                    Custodian or Proxy                                    Date

(X)  (7)  The defendant shall:
- (X)  (a)  Truthfully report to the United States Pretrial Services Agency as directed [telephone no. (402) 437-5795].
- ( )  (b)  Execute a bond or agreement to forfeit upon failing to appear as required or failing to abide by any of the conditions of this order, the following sum of money or designated property:
- ( )  (c)  Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described: money.
- ( )  (d)  Execute a bail bond with solvent sureties in the amount of $_____.
- (X)  (e)  Maintain full-time, verifiable employment, or obtain such employment within ten days, as permitted by residential rules.
- ( )  (f)  Maintain or commence an educational program.
- (X)  (g)  Surrender any passport to: U.S. Marshal or Pretrial Services, as directed.
- (X)  (h)  Obtain no passport.
- (X)  (i)  Abide by the following restrictions on personal associations, place of abode, or travel:
  **Not leave Douglas County, Nebraska** without prior approval of pretrial services officer or court.
- (X)  (j)  Avoid all contact, directly or indirectly, with any persons, who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____.
- ( )  (k)  Undergo medical or psychiatric treatment and/or remain in an institution, as follows: _____.
  The treatment shall be at the defendant's expense.
- ( )  (l)  Return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling or the following limited purpose(s):_____.
- (X)  (m)  Reside at _The Arch, 1502 No. 58th Street, Omaha NE_ at all times. The defendant shall abide by all of the rules of said facility. In the event that the defendant is discharged from the facility for any reason whatsoever or leaves the premises of the facility without authorization, the United States Marshal, and/or any Special Agent of the FBI and/or any law enforcement agency is ordered to take the defendant into custody and detain the defendant pending a prompt hearing before the court to review the conditions of this release.
- (X)  (n)  Refrain from possessing a firearm, destructive device, or other dangerous weapon.
- (X)  (o)  Refrain from any possession or use of alcohol.
- (X)  (p)  Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.
- (X)  (q)  Submit to any method of testing required by the Pretrial Services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection.
- (X)  (r)  Participate in a program of intensive outpatient substance abuse therapy and counseling as directed by the supervising officer. Defendant shall pay all or a portion of the treatment in an amount and on a schedule to be arranged by pretrial services.

(X) (s) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) Participate in one of the following home confinement program components and abide by all the requirements of the program which [ ] will [X] will not include electronic monitoring or other location verification system. Installation of monitoring equipment shall be at defendant's expense, payable in advance of the installation; monitoring expenses shall be paid by defendant monthly:

( ) (i) **Curfew.** You are restricted to your residence every day ( ) from 7:00A.m. to 5:30P.m. or ( ) as directed by the Pretrial Services office or supervising officer. During the hours of curfew, the defendant shall be physically present in the residence, and shall not be permitted to leave the residence for any purpose short of a life-threatening or medical emergency, or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment, education, religious service, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities as pre-approved by the Pretrial Services office or supervising officer, or

( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the Pretrial Services office or supervising officer.

(X) (u) Report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel including, but not limited to, any arrest, questioning, or traffic stop.

(X) (v) Not associate or communicate with persons known or suspected to be or to have been involved in drug use or trafficking or weapons possession or weapons trafficking without the prior approval of the U.S. Pretrial Services officer or the Court.

(X) (w) Submit to unannounced search of person, place of residence or vehicle upon request of law enforcement or Pretrial Services.

(X) (x) Resolve all pending matters pending against him in any court, including removing any outstanding warrants and/or detainers filed with his present custodian.

## CERTIFICATION OF ATTORNEY

I hereby state and declare that I am the attorney for the defendant herein, that I have advised the defendant of the "Penalties and Sanctions" portion of this order, below, and that the defendant has indicated his/her understanding of such provisions. I further state and declare that I have spoken with _Dick Fink_, who is the _Director_ of the facility above-named, that I have advised said officer of the conditions of release in this order, and that s/he has assured me that the staff of that facility agree to monitor the defendant's compliance with the conditions herein, and to notify the pretrial services officer of any failure of the defendant to comply with any of them.

_W. Randall Pory_
Attorney

Page 4 of 4 Pages

## ADVICE OF PENALTIES AND SANCTIONS

THE DEFENDANT IS ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Signature of Defendant_

## DIRECTIONS TO UNITED STATES MARSHAL

( ) The defendant is ORDERED released after processing.

(X) The United States Marshal is ORDERED to keep the defendant in custody until notified by the pretrial services officer that the defendant has been admitted to the facility above named and the date and time defendant is expected to arrive at the facility. The Marshal shall release the defendant to the person providing transportation to the facility as arranged by the defendant's attorney and the pretrial services officer with only sufficient time to travel from the point of release to the treatment facility and arrive at the appointed time.

Date: October 2, 2006.

/s/ David L. Piester
David L. Piester, U.S. Magistrate Judge

8-10-05